# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WILLIE DONALD SHARP, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellant,

v

WILLIE DONALD SHARP,

        Respondent-Appellee.

UNPUBLISHED
May 12, 2015

No. 320425
Muskegon Circuit Court
Family Division
LC No. 13-042886-DL

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Petitioner appeals by right the trial court's order dismissing a delinquency petition alleging respondent committed armed robbery, MCL 750.529. We affirm.

The only issue on appeal is whether respondent's plea of no contest was originally taken under advisement by the trial court or whether the trial court accepted the plea. "A juvenile may offer a plea of admission or of no contest to an offense with the consent of the court." MCR 3.941(A). The trial court may take a plea of no contest under advisement. MCR 3.941(D). But it is settled law that "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).

A petition was filed alleging that respondent committed one count of armed robbery, MCL 750.529; however, at the pretrial hearing, respondent tendered a plea of no contest to a reduced charge of unarmed robbery, MCL 750.530. After the pretrial hearing, the trial court entered a written order that stated that the plea was taken under advisement. This written order was consistent with the trial court's statements at the pretrial hearing, specifically that it would not "close the door" to the option of taking the plea under advisement and that it would "look at" how respondent performed regarding certain conditions when determining the ultimate disposition in the case.

At a second hearing, the trial court noted that there had been a request for the plea to be taken under advisement and adjourned disposition to further monitor respondent's compliance with the conditions the trial court imposed at the pretrial hearing. The trial court then entered a

-1-

second written order that stated that the plea was taken under advisement. Finally, at the dispositional hearing, the trial court found that respondent had complied with the conditions the court imposed, agreed that it had said that it would consider advisement, stated that it was "going to do that," and dismissed the petition. The fact that the trial court did not enter a formal dispositional order, i.e., respondent was never "sentenced," supports a finding that the plea was taken under advisement. *In re Guilty Plea Cases*, 395 Mich 96, 126; 235 NW2d 132 (1975).

Although the trial court stated at the pretrial hearing that it accepted respondent's plea, this statement was inconsistent with the trial court's other statements at this hearing, the written order after that hearing, and the subsequent orders, comments, and actions of the trial court and the parties. On this record, we find that the trial court did not clearly err when it found that respondent's plea was taken under advisement; therefore, the trial court did not abuse its discretion when it dismissed the petition.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro